Marc R. Ascolese, <mascolese@sidley.com> (Bar No. 251397)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Counsel for Plaintiffs eBay Inc. and Microsoft Corporation*

NOTE: Additional counsel listed on signature page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV10 4947 RS

| | |
|---|---|
| eBay Inc. and Microsoft Corporation,<br><br>    *Plaintiffs*,<br><br>vs.<br><br>PartsRiver, Inc.,<br><br>    *Defendant*. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date: November 2, 2010 |

Plaintiffs eBay Inc. and Microsoft Corporation (collectively "Plaintiffs") allege as follows:

## THE PARTIES

1. Plaintiff eBay Inc. ("eBay") is a Delaware corporation having its principal place of business at 2065 Hamilton Avenue, San Jose, CA 95125.

2. Plaintiff Microsoft Corporation ("Microsoft") is a Washington corporation having its principal place of business at One Microsoft Way, Redmond, WA 98052.

3. Defendant PartsRiver, Inc. ("PartsRiver") is a Delaware corporation having its principal place of business at 3155 Kearney Street, Suite 210, Fremont, CA 94538.

## NATURE OF THE ACTION

4. This is a declaratory judgment action seeking a determination that each of the Plaintiffs does not infringe at least reexamined claims 1 and 2 of U.S. Patent No. 6,275,821 under 35 U.S.C. § 271; that at least reexamined claims 1 and 2 of this patent are invalid under at least 35 U.S.C. §§ 102, 103, 112, and/or 305; and/or that each of the Plaintiffs has intervening rights to at least reexamined claims 1 and 2 of this patent under 35 U.S.C. §§ 252 and 307(b).

## JURISDICTION AND VENUE

5. The Court has personal jurisdiction over PartsRiver because PartsRiver is doing business in, and has its principal place of business in, this Judicial District at 3155 Kearney Street, Suite 210, Fremont, CA 94538.

6. This Court has subject matter jurisdiction over the Plaintiffs' causes of action asserted here pursuant to 28 U.S.C.§ 1331 and 1338(a), because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil Local Rule 3-2(c), this is an Intellectual Property Action that normally would be assigned on a district-wide basis. However, under Civil L.R. 3-12, this action is related to *PartsRiver, Inc., v. Shopzilla, Inc., et al.*, No. 4:09-cv-00811-CW ("the PartsRiver lawsuit") and thus should be assigned to Judge Wilken in the Oakland Division.

## FACTUAL BACKGROUND

9. On information and belief, PartsRiver is the owner by assignment of U.S. Patent No. 6,275,821 ("the '821 patent"), which is entitled "Method and System for Executing a Guided Parametric Search," and originally issued August 14, 2001.

10. The '821 patent expires on October 14, 2014.

11. On October 3, 2007, PartsRiver filed a civil action in the Eastern District of Texas (No. 2:07-cv-440-DF) asserting that the Plaintiffs infringe the '821 patent.

12. Claim 2 of the '821 patent depends from claim 1.

13. On February 18, 2008, PartsRiver contended that the following websites are operated by eBay and utilize search processes or methods which infringe upon both claims 1 and 2 of the '821 patent:

    www.shopping.com

    http://fr.shopping.com

    http://de.shopping.com

    http://uk.shopping.com

    http://au.shopping.com

    www.dealtime.com

    www.dealtime.com.uk

    www.ugenie.com

    www.epinions.com

    www.pricetool.com

    www.express.ebay.com

14. On February 18, 2008, PartsRiver contended that the following websites are operated by Microsoft and utilize search processes or methods which infringe upon both claims 1 and 2 of the '821 patent:

    shopping.msn.com

    http://shopping.sympatico.msn.ca/

    http://magasiner.sympatico.msn.ca/

                http://shopping.msn.co.jp/

                http://shopping.ninemsn.com.au/

                http://shopping.msn.fr/

                http://shopping.msn.nl/

                http://shopping.msn.de/

                http://shopping.msn.co.ul/

15. On December 22, 2008, the United States Patent and Trademark Office ("USPTO") determined that there was a substantial new question of patentability affecting claims 1 and 2 of the '821 patent and thus ordered an *ex parte* reexamination of those claims (Reexamination Control No. 90/009,316).

16. On January 30, 2009, the Court in the Eastern District of Texas determined that "the Northern District of California would clearly be a more convenient venue" and thus transferred PartsRiver's action to this Court, where it was assigned to Judge Wilken as Civil Action No. 4:09-cv-00811-CW.

17. On May 28, 2009, eBay and Microsoft, along with other defendants in that case, filed with Judge Wilken a motion for summary judgment of non-infringement and invalidity of claims 1 and 2 of the '821 patent.

18. On June 18, 2009, an Examiner at the USPTO issued an Office Action finally rejecting claims 1 and 2 of the '821 patent under 35 U.S.C. § 102(b) as being clearly anticipated by Granacki et al., *A Component Library Management System and Browser*, ISI Research Report, ISI/RR-93-386, USC/Information Sciences Institute, April, 1993.

19. On August 21, 2009, Judge Wilken granted summary judgment that claims 1 and 2 of the '821 patent were invalid under 35 U.S.C. § 102(b) due to the on-sale bar.

20. On September 18, 2009, PartsRiver appealed the Examiner's final rejection of claims 1 and 2 to the Board of Patent Appeals and Interferences ("BPAI").

21. On September 18, 2009, PartsRiver appealed Judge Wilken's summary judgment of invalidity to the United States Court of Appeals for the Federal Circuit.

22. On January 29, 2010, PartsRiver filed a brief in the Federal Circuit arguing that Judge Wilken's summary judgment of invalidity should be reversed.

23. On April 14, 2010, eBay and Microsoft, along with other defendants in that case, filed a brief in the Federal Circuit arguing that Judge Wilken's summary judgment of invalidity should be affirmed.

24. On May 20, 2010, while its appeal before the BPAI was pending, PartsRiver requested entry of an amendment to claim 1, as well as entry of a new claim 9. In its remarks accompanying the amendment, PartsRiver stated:

> The amendment of claim 1 presented herein adjusts the claim language of claim 1 to correspond to that of allowed claim 9.[1] Claim 1 is now believed to reflect, albeit explicitly, the legal scope of claim 1 as previously issued. As such, although the text of claim 1 has been altered by amendment, the claim scope is legally identical to that of originally issued claim 1. This change in language has been adopted for the sole purpose of terminating the present reexamination to avoid lengthy appeal proceedings.

25. On June 24, 2010, the Examiner dismissed the appeal to the BPAI and issued a Notice of Intent to Issue Reexamination Certificate ("NIRC") stating that the amended claim 1 and the new claim 9 were allowable.

26. On October 15, 2010, PartsRiver filed a motion in the Federal Circuit to dismiss its appeal and to vacate Judge Wilken's judgment of invalidity.

27. On October 22, 2010, eBay and Microsoft, along with other defendants in that case filed a brief opposing PartsRiver's motion to vacate Judge Wilken's judgment of invalidity.

28. On November 2, 2010, the USPTO issued a reexamination certificate for the '821 patent reflecting: the allowed amendment to claim 1, the confirmation of unamended dependent claim 2, and the allowed new claim 9.

29. PartsRiver contends that the scope of reexamined claims 1 and 2 of the '821 patent is legally identical to that of originally issued claims 1 and 2 of the '821 patent.

30. Because PartsRiver: (a) asserted that the Plaintiffs infringed original claims 1 and 2 of the '821; (b) opposed the Plaintiffs' motion for summary judgment that original claims 1 and 2 of the '821 patent were invalid; (c) appealed to the Federal Circuit Judge Wilken's judgment that original claims 1 and 2 of the '821 patent were invalid; and (d) has represented to the USPTO that

1  the scope of reexamined claim 1 "is legally identical to that of originally issued claim 1," there is an
2  actual controversy between PartsRiver and each of the Plaintiffs concerning non-infringement,
3  invalidity, and/or intervening rights with respect to at least reexamined claims 1 and 2 of the '821
4  patent.

## COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT

7  31. The Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1–30
8  in their entirety.

9  32. Each of the Plaintiffs has not infringed, and is not now infringing, at least reexamined
10 claims 1 and 2 of the '821 patent.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY

13 33. The Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1–30
14 in their entirety.

15 34. At least reexamined claims 1 and 2 of the '821 patent are invalid.

## COUNT III

## DECLARATORY JUDGMENT OF INTERVENING RIGHTS

18 35. The Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1–30
19 in their entirety.

20 36. The scope of reexamined claim 1 of the '821 patent is not legally identical to the
21 scope of any original claim of the '821 patent.

22 37. The scope of reexamined claim 2 of the '821 patent is not identical to the scope of
23 any original claim of the '821 patent.

24 38. Under 35 U.S.C. § 252, ¶ 1 & § 307(b), PartsRiver may not bring an action against
25 any of the Plaintiffs for causes arising before November 2, 2010, with respect to at least reexamined
26 claims 1 and 2 of the '821 patent.

27 39. Under 35 U.S.C. § 252, ¶ 2 & § 307(b), each of the Plaintiffs is entitled to absolute
28 intervening rights with respect to at least reexamined claims 1 and 2 of the '821 patent.

40. Under 35 U.S.C. § 252, ¶ 2 & § 307(b), each of the Plaintiffs is entitled to equitable intervening rights for the protection of investments made or business commenced before November 2, 2010, with respect to at least claims 1 and 2 of the '821 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, each of the Plaintiffs prays for the following relief:

A. A declaration that each Plaintiff has not infringed and is not infringing at least reexamined claims 1 and 2 of the '821 patent;

B. A declaration that at least reexamined claims 1 and 2 of the '821 patent are invalid;

C. A declaration that PartsRiver may not bring an action against any of the Plaintiffs for causes arising before November 2, 2010, with respect to at least reexamined claims 1 and 2 of the '821 patent;

D. A declaration that each of the Plaintiffs is entitled to absolute intervening rights with respect to at least reexamined claims 1 and 2 of the '821 patent;

E. A declaration that each of the Plaintiffs is entitled to equitable intervening rights with respect to at least reexamined claims 1 and 2 of the '821 patent;

F. An order declaring that each Plaintiff is a prevailing party and that this is an exceptional case, awarding each Plaintiff its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

G. That PartsRiver be ordered to pay all costs associated with this action; and

H. That each Plaintiff be granted such other and additional relief as the Court deems just and proper

| | |
|---|---|
| Dated: November 2, 2010 | By: *[signature]* |

Marc R. Ascolese (Bar No. 251397)
&lt;mascolese@sidley.com&gt;
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone:   (415) 772-1200
Facsimile:   (415) 772-7400

David T. Pritikin
&lt;dpritikin@sidley.com&gt;
Richard A. Cederoth
&lt;rcederoth@sidley.com&gt;
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, Illinois 60603
Telephone:   (312) 853-7000
Facsimile:   (312) 853-7036

Theodore W. Chandler (Bar No. 219456)
&lt;tchandler@sidley.com&gt;
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone:   (213) 896-6000
Facsimile:   (213) 896-6600

&lt;SF-PartsRiver-MS-eBay@sidley.com&gt;

David E. Killough (Bar No. 110719)
&lt;davkill@microsoft.com&gt;
MICROSOFT CORPORATION
One Microsoft Way, 8/2076
Redmond, Washington 98052
Telephone:   (425) 703-8865
Facsimile:   (425) 869-1327

*Counsel for Plaintiff Microsoft Corporation*

Dated: November 2, 2010          By: /s/ M. A.

Marc R. Ascolese (Bar No. 251397)
<mascolese@sidley.com>
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone:  (415) 772-1200
Facsimile:   (415) 772-7400

David T. Pritikin
<dpritikin@sidley.com>
Richard A. Cederoth
<rcederoth@sidley.com>
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:   (312) 853-7036

Theodore W. Chandler (Bar No. 219456)
<tchandler@sidley.com>
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:   (213) 896-6600

<SF-PartsRiver-MS-eBay@sidley.com>

*Counsel for Plaintiff eBay Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, each of the Plaintiffs demands a trial by jury.

-9-
COMPLAINT

Dated: November 2, 2010 By: /s/ Marc Ascolese

Marc R. Ascolese (Bar No. 251397)
&lt;mascolese@sidley.com&gt;
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

David T. Pritikin
&lt;dpritikin@sidley.com&gt;
Richard A. Cederoth
&lt;rcederoth@sidley.com&gt;
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Theodore W. Chandler (Bar No. 219456)
&lt;tchandler@sidley.com&gt;
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

&lt;SF-PartsRiver-MS-eBay@sidley.com&gt;

David E. Killough (Bar No. 110719)
&lt;davkill@microsoft.com&gt;
MICROSOFT CORPORATION
One Microsoft Way, 8/2076
Redmond, Washington 98052
Telephone: (425) 703-8865
Facsimile: (425) 869-1327

*Counsel for Plaintiff Microsoft Corporation*

Dated: November 2, 2010      By: _/s/_

Marc R. Ascolese (Bar No. 251397)
&lt;mascolese@sidley.com&gt;
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

David T. Pritikin
&lt;dpritikin@sidley.com&gt;
Richard A. Cederoth
&lt;rcederoth@sidley.com&gt;
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Theodore W. Chandler (Bar No. 219456)
&lt;tchandler@sidley.com&gt;
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

&lt;SF-PartsRiver-MS-eBay@sidley.com&gt;

*Counsel for Plaintiff eBay Inc.*